# COURT OF APPEALS.

PHILIP F. PISTOR, survivor, &c., agt. RACHEL A. BRUNDUTT,
and others.

Under the provision of the present constitution, *no judge* shall sit at general term, *in review of his own decision.*

A justice of the supreme court sitting at general term, who made the order appealed from at special term, is incompetent to sit upon a review of the order upon its *merits,* or to take part in determining whether the order was *appealable* to the general term.

*Appearing,* by the appellant, at general term, and resisting the reversal of the order of the special term sustaining his demurrer to the answer of the respondent, is not a *waiver* of the appellant's *appeal* from the order of the special term setting aside plaintiff's judgment. Sustaining the demurrer was a proceeding having no connection with or dependence upon that order.

Where it must be assumed that the general term only entertained and passed upon the question whether the appellant had *waived his appeal,* as that was the only question the court, as constituted, were authorzed to determine—the justice who made the order at special term being authorized to sit upon that question—and having erred in determining that he had, the order dismissing the appeal must be reversed with costs, and the appeal heard by a general term authorized to hear and determine it.

APPEAL from order dismissing the plaintiff's appeal.

Judge INGRAHAM at, special term, set aside a judgment of plaintiff, who thereupon appealed to the general term.

This appeal the defendants moved to dismiss upon the ground of waiver by acts subsequent.

The court, Judge INGRAHAM presiding, dismissed the appeal.

The action was brought to recover back money paid under a judgment which had been reversed. On reversal, plaintiff applied to defendants' attorney to pay back the money he had received, which the attorney refusing to do, this action was brought. Defendant set up three defenses: first, that the court had no jurisdiction to reverse the judgment; second,

that one of the defendants had appealed; and, third, a denial of payment.

Plaintiff demurred to the two first, and Judge BARNARD sustained the demurrer.

Defendant appealed; but there being no undertaking and no stay, and no affidavit of merits, and no defense on the record, but a denial of payment (which defendants' attorney now admits), plaintiff took an inquest and entered judgment.

This, Judge INGRAHAM set aside; for what irregularity does not appear.

For the irregularities assigned, see *fol.* 38 of the case.

[Afterwards defendant brought on his appeal from Judge BARNARD for argument and the judgment of that learned justice on the demurrer was affirmed.]

At a general term in April, defendants moved to dismiss the appeal from the order of Judge INGRAHAM vacating the judgment, on the ground that the plaintiff, by arguing without objection, the defendants' appeal from Judge BARNARD, had waived his own appeal from Judge INGRAHAM.

The court dismissed the appeal.

W. WATSON *for plaintiff and appellant.*

I. The decision of the court is void. The 8th section of the constitution provides that no judge shall sit at general term in review of his own decision. Plaintiff objected to the court, that as constituted; the appeal was "*coram non judice.*" The order shows on its face that the appeal was from the presiding justice, and that he sat in review thereof.

II. Plaintiff waived nothing by arguing defendants' appeal from Judge BARNARD's decision on demurrer. Judge BARNARD's judgment on demurrer, which constituted a part of the judgment roll, was affirmed.

No undertaking was given and no stay on that appeal granted. Defendant chose, after judgment on demurrer against him, to appeal without security.

He noticed his appeal for argument. Had the judgment been reversed, the plaintiff's judgment would have been void.

It was affirmed, and the plaintiff's appearance to uphold it by argument cannot affect his appeal from the order of Judge INGRAHAM vacating the whole judgment. There is no connection between them. (*Dey* agt. *Walton*, 2 *Hill*, 406 *in Ct. Errors*.)

The objection that Raymond & Coursen were not served with notice of appeal is answered by reference to *fols*. 96, 53, 14 and 17, in which the defendants' attorney shows that R. W. Townsend was the attorney.

The appeal having been dismissed on the whole case before the court, the order of Judge INGRAHAM should be reversed.

R. W. TOWNSEND, *attorney, and*
A. R. DYETT, *counsel for defendants and respondents.*

This is an appeal from the order of the supreme court at general term of first Tuesday of April, 1871. That order was founded on the affidavits of W. C. Clifford and A. R. Dyett, and papers A. and B. annexed, and the other papers referred to in the notice of motion to dismiss the appeal. The notice of the appeal, which was dismissed, is in the case. That appeal was from the order at special term by Judge INGRAHAM, which was founded on the affidavits, answer of H. B. Brundrett, and affidavits of service thereof, and order to show cause on the part of defendants, and affidavits and notices of trial on the part of plaintiff.

Herewith submitted are the respondent's points on the merits of the appeal from Judge INGRAHAM's order at special term (*supra*,) which were prepared but not used in consequence of the dismissal of the appeal.

The affidavits of Clifford and Dyett, before referred to, are short, and state the facts upon which the court was asked to make the order appealed from.

I. The plaintiff having, as shown by Dyett's last named

affidavit, recognized and acted under and in accordance with the order of Judge INGRAHAM, at special term, and received a benefit from it, treating it as operative, *after he had appealed from it*, clearly waived his appeal. *(4 Abb.*, 468; 15 *Abb.*, 140; 1 *Robts.*, 639; 4 *E. D. Smith,* 139; 16 *How.*, 483; 1 *N. Y.*, 126; 7 *Paige*, 206; 18 *N. Y.*, 481; 3 *Abb.,* 142.)

If the appeal had not been dismissed, but heard, and the order appealed from reversed, the inquest and judgment by default, which disposed of the defendant's appeal from the order sustaining the demurrers to their answers, would have stood, and then what would have become of the judgment of affirmance by the general term of the order sustaining the demurrers? or suppose those orders had been reversed? The plaintiff's conduct was inconsistent with his appeal, and we repeat, he clearly waived it.

II. The order appealed from was also properly made for the reason that no notice of the appeal dismissed was ever served on Raymond & Coursen, attorneys for defendant, Hart B. Brundrett. They were clearly entitled to notice of that appeal. The plaintiff could not assume, or ask the court to assume, that they were not attorneys for that defendant, entitled to notice. They had a right to be heard. *( Code,* § 327; *Coates* agt. *Cottrell*, 28 *How.*, 436; 17 *Abb.*, 86; 26 *How.*, 247.)

III. The order now under review was correct for another reason. The order of the special term of Judge INGRAHAM, was a discretionary order, and not appealable. If it be said the motion to dismiss was not on that ground, the answers are:

1. It was not necessary to specify it in the notice of motion. It was not an irregularity.

2. It was not necessary to move to dismiss on that ground. It is fatal if raised at any time, or the court might dismiss for that reason of its own motion.

3. This court will not reverse an order which is *right* in

*law*, because it was made by the court below for the *wrong reason*.

The order appealed from should be affirmed, with costs—full costs, and not mere costs of motion.

GROVER, J.—Section eight of the constitution provides that no judge shall sit at general term in review of his own decision.   The case shows that Justice INGRAHAM, who made the order appealed from at special term, was a member of the general term, by which the  order dismissing the appeal was made.   He was incompetent to sit upon a review of the order upon its merits, or to take part in determining whether the order was appealable to the general term, as the latter inquiry involves an examination of the order equally with a determination of the appeal upon the merits.

Hence, the general term, as constituted, could not entertain the question, whether the order of the special term was not made upon the merits, instead of being based upon the alleged irregularity of the plaintiff's practice.

The order of the  general term cannot, therefore, be sustained by this court upon any such ground.   The only question presented to the general term, that Justice INGRAHAM could participate in determining, was whether the appellant had waived his appeal by appearing at the general term upon the hearing of the appeal taken  by the respondent from the decision of the special term, sustaining the  demurrer of the appellant to one of the defenses interposed by the answer of the respondent.

Such appearance was not a waiver of the appeal from the order made by Justice INGRAHAM.

An appeal from a judgment or order, or the right to appeal therefrom, is waived by the party seeking to prosecute the appeal, having availed himself of a benefit given to him by the judgment or order, or proceeding in the cause, upon the assumption of the validity thereof.   The appellant in the present case has done neither.

The benefit secured to him by the order was a new trial of the issue of fact. He has done nothing under this provision. Appearing at the general term, and resisting the reversal of the order of the special term sustaining his demurrer to the answer of the respondent, did not assume the validity of the order of Justice INGRAHAM setting aside the judgment. It was necessary for the appellant to sustain his demurrer, whether the order of Justice INGRAHAM was properly granted or not. He must sustain the demurrer to uphold his right of recovery in either event.

Sustaining the demurrer was a proceeding having no connection with or dependance upon that order. The counsel for the appellant insists that, as the whole merits are shown by the case, this court should determine whether the order of Justice INGRAHAM was proper, the same as though such order had been reviewed upon its merits by the general term. In this, the counsel overlooks the incompetency of Justice INGRAHAM so to review it.

Had it been so reviewed and determined by a court in which he sat, it would have been the duty of this court to reverse the order upon appeal, upon the ground that the court was not authorized to hear the case without considering whether the determination was right or wrong, otherwise the provision of the constitution would be wholly nullified.

It must be assumed that the general term only entertained and passed upon the question, whether the appellant had waived his appeal, as that was the only question the court, as constituted, were authorized to determine, and having erred in determining that he had, the order dismissing the appeal must be reversed with costs, and the appeal heard by a general term authorized to hear and determine it.

All the other judges concurring.